# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

GEORGE MCCLURG,

        Plaintiff,

v.                                                             Case No. 6:19-cv-1798-Orl-JRK

ANDREW M. SAUL,
Commissioner of Social Security,

        Defendant.

## OPINION AND ORDER[1]

### I. Status

George McClurg ("Plaintiff") is appealing the Commissioner of the Social Security Administration's ("SSA('s)") final decision denying his claims for disability income benefits ("DIB") and supplemental security income ("SSI"). Plaintiff's alleged inability to work is the result of severe lumbar back pain, two bulging discs in the lumbar spine, radiculopathy in the hips and legs, a "[f]usion done on L4/L5 in June of 2015," migraines, "[a]nxiety attacks," depression, obesity, chronic obstruction pulmonary disease, sleep apnea, difficulty sleeping, and acid reflux. Transcript of Administrative Proceedings (Doc. No. 18; "Tr." or "administrative transcript"), filed November 21, 2019, at 104-05, 226 (emphasis omitted). Plaintiff filed an application for DIB on November 12, 2015, alleging a disability onset date

---

[1] The parties consented to the exercise of jurisdiction by a United States Magistrate Judge. See Notice, Consent, and Reference of a Civil Action to a Magistrate Judge (Doc. No. 17), filed November 21, 2019; Reference Order (Doc. No. 20), entered November 25, 2019.

of February 5, 2014. Tr. at 168.[2] On July 12, 2016, Plaintiff filed an application for SSI, alleging a disability onset date of February 5, 2014. See Tr. at 170. The DIB application was denied at least initially. Tr. at 103, 104-15, 120-24. The administrative transcript does not contain any notices of denials of the SSI claim or of a denial on reconsideration of the DIB claim.

On April 4, 2018, an Administrative Law Judge ("ALJ") held a hearing on Plaintiff's DIB and SSI claims during which she heard testimony from Plaintiff, who was represented by counsel, and a vocational expert ("VE"). See Tr. at 50-83.[3] At the time of the hearing, Plaintiff was forty-two years old. See Tr. at 104 (indicating date of birth). On July 27, 2018, the ALJ issued a Decision on Plaintiff's DIB and SSI claims, finding Plaintiff not disabled through the date of the Decision. See Tr. at 29-45.

Thereafter, Plaintiff requested review of the Decision by the Appeals Council, Tr. at 165-66, and submitted additional evidence in the form of a brief authored by Plaintiff's counsel; medical records from Mount Carmel St. Ann's, Southeastern Med,[4] and Efren Leonida, M.D.;[5] and a January 17, 2019 "Physical Restrictions Evaluation" containing

---

[2] Although actually completed on November 12, 2015, see Tr. at 168, the protective filing date of the application is listed elsewhere in the administrative transcript as October 27, 2015, see, e.g., Tr. at 104.

[3] The hearing transcript indicates in one place that the hearing ended on April 4, 2014. See Tr. at 83. This is evidently a typographical error.

[4] The Appeals Council found that the medical records from Mount Carmel St. Ann's and Southeastern Med were part of the record before the ALJ. Tr. at 2 (Appeals Council notice indicating medical records were "a copy of Exhibit(s) 2F and 4F"); see Tr. at 307-63 (Ex. 2F); Tr. at 410-40 (Ex. 4F).

[5] Dr. Leonida is Plaintiff's primary care physician. See, e.g., Tr. at 450.

opinions from Gary Weiss, M.D.,[6] Tr. at 2, 5, 6; see Tr. at 293-97 (brief); Tr. at 84-102 (medical records from Dr. Leonida); Tr. at 13-16 (Dr. Weiss's opinions).[7] On July 15, 2019, the Appeals Council denied Plaintiff's request for review, Tr. at 1-4, thereby making the ALJ's Decision the final decision of the Commissioner. On September 17, 2019, Plaintiff commenced this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) by timely filing a Complaint (Doc. No. 1) seeking judicial review of the Commissioner's final decision.

On appeal, Plaintiff raises three issues: 1) "[w]hether the ALJ weighed the medical opinions of record using a proper rationale and based on substantial evidence"; 2) "[w]hether the Appeals Council properly rejected the new and material evidence submitted," particularly Dr. Weiss's opinions; and 3) [w]hether there is a reasonable possibility that the new evidence submitted to this Court [(Dr. Weiss's treatment notes)] will change the administrative result and there is good cause for the failure to submit the evidence at the administrative level."[8] Memorandum in Support of Plaintiff (Doc. No. 22; "Pl.'s Mem."), filed January 21, 2020, at 10-14 (first issue), 14-18 (second issue), 18-19 (third issue) (emphasis omitted). On March 19, 2020, Defendant filed a Memorandum in Support of the Commissioner's Decision (Doc. No. 23; "Def.'s Mem.") addressing the

---

[6] The Physical Restrictions Evaluation completed by Dr. Weiss shows that he treated Plaintiff. See Tr. at 16 (indicating Plaintiff's last appointment was in December 2018 and his next appointment would be in March 2019). The treatment notes Plaintiff submitted to this Court show that Dr. Weiss began treating Plaintiff after the Decision. As noted below, Plaintiff's third issue is not addressed. The undersigned does not substantively consider these treatment notes given that they are not part of the administrative transcript and review is limited to the evidence in the transcript.

[7] The Appeals Council did not make the medical records or Dr. Weiss's opinions part of the administrative transcript.

[8] Plaintiff also mentions the medical records from Dr. Leonida, see Pl.'s Mem. at 14-15, but he does not develop an argument as to the Appeals Council's treatment of these records, see id. at 15-18.

issues raised by Plaintiff. After a thorough review of the entire record and consideration of the parties' respective memoranda, the undersigned finds that the Commissioner's final decision is due to be reversed and remanded for further proceedings for consideration of the new evidence submitted to the Appeals Council.

On remand, an evaluation of the new evidence submitted to the Appeals Council may impact the ALJ's assessment of the medical opinions (Plaintiff's first issue). For this reason, the Court need not address the ALJ's evaluation of the medical opinions. See Jackson v. Bowen, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (per curiam) (declining to address certain issues because they were likely to be reconsidered on remand); Demenech v. Sec'y of the Dep't of Health & Human Servs., 913 F.2d 882, 884 (11th Cir. 1990) (per curiam) (concluding that certain arguments need not be addressed when the case would be remanded on other issues). Further, as the matter is due to be remanded, the Administration shall also consider the rest of the evidence submitted to the Appeals Council and the treatment notes from Dr. Weiss that were submitted to this Court (Plaintiff's third issue).

## II.  The ALJ's Decision

When determining whether an individual is disabled,[9] an ALJ must follow the five-step sequential inquiry set forth in the Code of Federal Regulations ("Regulations"), determining as appropriate whether the claimant (1) is currently employed or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or

---

[9] "Disability" is defined in the Social Security Act as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A).

combination of impairments that meets or medically equals one listed in the Regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. §§ 404.1520, 416.920; see also Phillips v. Barnhart, 357 F.3d 1232, 1237 (11th Cir. 2004). The claimant bears the burden of persuasion through step four, and at step five, the burden shifts to the Commissioner. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

Here, the ALJ followed the five-step sequential inquiry. See Tr. at 31-45. At step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since February 5, 2014, the alleged onset date." Tr. at 31 (emphasis and citation omitted). At step two, the ALJ found that Plaintiff "has the following severe impairments: degenerative disc disease of the lumbosacral spine with radiculopathy status-post fusion surgery; obesity; chronic obstructive pulmonary disease (COPD); migraine headaches; major depressive disorder and generalized anxiety disorder." Tr. at 31 (emphasis and citation omitted). At step three, the ALJ ascertained that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 [C.F.R.] Part 404, Subpart P, Appendix 1." Tr. at 36 (emphasis and citation omitted).

The ALJ determined that Plaintiff has the following residual functional capacity ("RFC"):

> [Plaintiff can] perform a range of sedentary work as defined in 20 [C.F.R. §§] 404.1567(b) and 416.967(b). He would need to stand for up to 5 minutes every 30 minutes while on task at the workstation. He can occasionally balance, stoop, kneel, crouch, crawl and climb ramps and stairs. [Plaintiff] can never climb ladders, ropes or scaffolds. [Plaintiff cannot] have [any] exposure to unprotected heights, dangerous moving machinery and pulmonary irritants, such as fumes, odors, dusts, noxious gases and poor ventilation. He must avoid concentrated exposure to outdoor temperatures

> above 90 degrees and below 40 degrees Fahrenheit, humidity, wetness and vibration. He can perform simple, one to five step work tasks performed repetitively and have occasional contact with co-workers and the general public.

Tr. at 38 (emphasis omitted).

At step four, the ALJ relied on the testimony of the VE and found that Plaintiff is "unable to perform any past relevant work." Tr. at 43 (emphasis and citation omitted). At the fifth and final step of the sequential inquiry, after considering Plaintiff's age ("38 years old . . . on the alleged disability onset date"), education ("at least a high school education"), work experience, and RFC, the ALJ again relied on the testimony of the VE and found that "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," such as "fishing reel assembler," "lens inserter," and "addresser." Tr. at 43-44 (emphasis and citation omitted). The ALJ concluded that Plaintiff "has not been under a disability . . . from February 5, 2014[ ] through the date of th[e D]ecision." Tr. at 45 (emphasis and citation omitted).

### III.   Standard of Review

This Court reviews the Commissioner's final decision as to disability pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Although no deference is given to the ALJ's conclusions of law, findings of fact "are conclusive if . . . supported by 'substantial evidence.'" Doughty v. Apfel, 245 F.3d 1274, 1278 (11th Cir. 2001) (citing Falge v. Apfel, 150 F.3d 1320, 1322 (11th Cir. 1998)). "Substantial evidence is something 'more than a mere scintilla, but less than a preponderance.'" Dyer v. Barnhart, 395 F.3d 1206, 1210 (11th Cir. 2005) (quoting Hale v. Bowen, 831 F.2d 1007, 1011 (11th Cir. 1987)). The substantial evidence standard is met when there is "such relevant evidence as a reasonable mind might accept as

adequate to support a conclusion." Falge, 150 F.3d at 1322 (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)); see also Biestek v. Berryhill, 139 S.Ct. 1148, 1154 (2019); Samuels v. Acting Comm'r of Soc. Sec., 959 F.3d 1042, 1045 (11th Cir. 2020) (citation omitted). It is not for this Court to reweigh the evidence; rather, the entire record is reviewed to determine whether "the decision reached is reasonable and supported by substantial evidence." Cornelius v. Sullivan, 936 F.2d 1143, 1145 (11th Cir. 1991) (citation omitted). The decision reached by the Commissioner must be affirmed if it is supported by substantial evidence—even if the evidence preponderates against the Commissioner's findings. Crawford v. Comm'r of Soc. Sec., 363 F.3d 1155, 1158-59 (11th Cir. 2004) (per curiam).

### IV.   Discussion

Plaintiff argues the Appeals Council erred in refusing to consider Dr. Weiss's opinions because "there is a reasonable probability that the new evidence from Dr. Weiss will change the administrative result." Pl.'s Mem. at 17. Plaintiff argues good cause exists for submitting Dr. Weiss's opinions to the Appeals Council because Dr. Weiss did not examine Plaintiff until after the Decision. Id.

Responding, Defendant argues that "Dr. Weiss'[s] opinion does not erode the substantial evidence supporting the ALJ's [D]ecision." Def.'s Mem. at 11 (citation omitted). Defendant also contends that "the only evidence Dr. Weiss reviewed in forming his opinion was a 2014 pre-surgery MRI, the 2014 surgery records, and a 2018 MRI that post-dates the ALJ's [D]ecision and is not in the record." Id. (citation omitted). Defendant does not address whether there was good cause for submitting Dr. Weiss's opinions to the Appeals Council.

When the Appeals Council is presented with evidence that was not before the ALJ, the Appeals Council must consider the evidence if it is "new, material, and relates to the period on or before the date of the hearing decision, and there is a reasonable probability that the additional evidence would change the outcome of the decision." 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). In addition, a claimant must show good cause for submitting new evidence to the Appeals Council. See 20 C.F.R. §§ 404.970(b), 416.1470(b).

Evidence may be chronologically relevant even if it post-dates the ALJ's decision. See Washington v. Soc. Sec. Admin., Comm'r, 806 F.3d 1317, 1322 (11th Cir. 2015). In Washington, for instance, the United States Court of Appeals for the Eleventh Circuit held that an examining psychologist's opinions were chronologically relevant "even though [the psychologist] examined [the claimant approximately seven] months after the ALJ's decision." Id. This was because the psychologist reviewed the claimant's treatment records from the period before the ALJ's decision; because the claimant told the psychologist he had suffered from the conditions at issue "throughout his life" (which obviously would include the relevant time period); and because there was "no assertion or evidence" that the claimant's condition worsened "in the period following the ALJ's decision." Id.

In Stone v. Soc. Sec. Admin., 658 F. App'x 551, 553 (11th Cir. 2016), on the other hand, the Court found that newly submitted medical records were not chronologically relevant. In doing so, the Court observed that the circumstances were "significantly different" from those in Washington because the new records in Stone "demonstrate[d] a worsening" of the relevant symptoms after the ALJ's decision. Id. at 554. Similarly, in

Hargress v. Soc. Sec. Admin., Comm'r, 883 F.3d 1302, 1309-10 (11th Cir. 2018), the Court found that progress notes post-dating the ALJ's decision did "not relate to the period before the ALJ's . . . decision" and "nothing in these new medical records indicates the doctors considered [the claimant's] past medical records or that the information in them relates to the period at issue, which materially distinguishes this case from Washington." Hargress, 883 F.3d at 1309-10. Further, the Court found that a treating physician's opinion post-dating the ALJ's decision was not chronologically relevant because, even though the physician opined that the limitations dated back to 2013 (prior to the ALJ's decision), "nothing in the form [completed by the physician] or any other documents indicated that [the physician] evaluated [the claimant's] past medical records when forming that opinion," and the physician "did not treat [the claimant] in 2013." Id. at 1310.

At the end of the day, although the Appeals Council is "not required to give a . . . detailed explanation or to address each piece of new evidence individually," id. at 1309 (citing Mitchell v. Comm'r, Soc. Sec. Admin., 771 F.3d 780, 784 (11th Cir. 2014)), if the Appeals Council "erroneously refuses to consider evidence, it commits legal error and remand is appropriate," Washington, 806 F.3d at 1320.[10]

Here, on January 17, 2019, Dr. Weiss completed a Physical Restrictions Evaluation,

---

[10] By contrast, if the Appeals Council actually considers evidence first presented to it but denies review, different standards apply. If a claimant challenges the Appeals Council's denial in that instance, a reviewing court must determine whether the new evidence renders the denial of benefits erroneous. See Mitchell, 771 F.3d at 784-85 (citing Ingram v. Comm'r of Soc. Sec. Admin., 496 F.3d 1253, 1262 (11th Cir. 2007)); see also Coleman v. Comm'r of Soc. Sec., 454 F. App'x 751, 754 (11th Cir. 2011) (citation omitted) (noting that "[t]he Appeals Council may deny review if the new evidence does not show the ALJ's decision to be erroneous"). In other words, a claimant seeking remand under sentence four of 42 U.S.C. § 405(g), "must show that, in light of the new evidence submitted to the Appeals Council, the ALJ's decision to deny benefits is not supported by substantial evidence in the record as a whole." Timmons v. Comm'r of Soc. Sec., 522 F. App'x 897, 902 (11th Cir. 2013) (unpublished) (citing Ingram, 496 F.3d at 1266-67; see also Mitchell, 771 F.3d at 785.

- 9 -

containing opinions about the effects of Plaintiff's physical impairments on Plaintiff's ability to perform work-related functions. Tr. at 13-16. Dr. Weiss opined in relevant part as follows.

In an eight-hour workday, Plaintiff should sit three hours, stand/walk three hours, and lie down three hours to avoid aggravating his symptoms. Tr. at 13. Allowing Plaintiff to change positions from sitting to standing would not enable Plaintiff to work eight hours a day on a sustained basis. Tr. at 13. Plaintiff would need to lie down or elevate his legs every one to two hours for fifteen to thirty minutes. Tr. at 13. Plaintiff's impairments or doctor's appointments would cause Plaintiff to be absent from work three or more times each month. Tr. at 14. Plaintiff's prescription medications would cause decreased cognition and grogginess. Tr. at 15. Dr. Weiss found no evidence of malingering or symptom exaggeration. Tr. at 15.

Dr. Weiss stated that the above limitations were "based on [his] review of [Plaintiff's] medical records, [his] review of the clinical findings, [his] knowledge of [Plaintiff's] condition, and [his] professional experience." Tr. at 16. He represented that his opinions were "not based solely on any statement [Plaintiff] may have made to [him] when the form was completed." Tr. at 16.

The Appeals Council acknowledged that Plaintiff "submitted . . . a medical source statement from [Dr. Weiss] dated January 17, 2019 (7 pages)." Tr. at 2. But, the Appeals Council found that "this evidence does not show a reasonable probability that it would change the outcome of the [D]ecision." Tr. at 2. As noted, the Appeals Council did not make Dr. Weiss's opinion part of the record. See Tr. at 5, 6. Thus, the record reflects that the Appeals Council refused to substantively consider the opinions. Cf. Hargress, 883 F.3d at 1309 (finding Appeals Council "declined to consider" new evidence when Appeals

Council stated the new evidence was "about a later time" and "did 'not affect the decision about whether [Plaintiff was] disabled beginning on or before February 24, 2015'").[11]

Upon review and for the reasons below, the undersigned finds the Appeals Council erred in refusing to consider Dr. Weiss's opinions.

Dr. Weiss's Physical Restrictions Evaluation is dated less than six months after the ALJ's Decision. It is clear that in formulating his opinions, Dr. Weiss reviewed relevant medical records in addition to relying on Plaintiff's reports. Although Defendant focuses on Dr. Weiss's initial statement that he reviewed a 2014 MRI, an operative report from 2014, and an MRI that post-dated the Decision, Tr. at 13, Dr. Weiss later expressly stated that his opinions were based on his review of Plaintiff's medical records and clinical findings and were not based solely on Plaintiff's subjective statements. Tr. at 16. The fact that Dr. Weiss has treated Plaintiff (albeit after the Decision) also tends to show Dr. Weiss has an understanding of and has reviewed Plaintiff's history and prior medical records. Further, Dr. Weiss opined that Plaintiff's limitations were present as of February 3, 2014, encompassing the relevant time period. Tr. at 13. Finally, there is no contention that Plaintiff's condition significantly worsened after the ALJ's Decision, and the evidence submitted to the Appeals Council does not demonstrate such a worsening.

Importantly, Dr. Weiss's opinions are thorough, comprehensive, and accompanied by detailed supporting clinical findings. For example, in opining that allowing Plaintiff to change positions from sitting to standing would not enable Plaintiff to work on a sustained

---

[11] To the extent Defendant argues Dr. Weiss's opinions do not "erode the substantial evidence supporting the ALJ's [D]ecision," Def.'s Mem. at 11, this standard does not apply because it does not appear that the Appeals Council actually considered the evidence, and Defendant does not argue that the Appeals Council did. See supra n.10.

basis, and that Plaintiff would need to lie down or elevate his legs every one to two hours for fifteen to thirty minutes, Dr. Weiss explained that Plaintiff has abnormalities in the following: gait; station; strength in the left lower extremity; reflexes; sensation; and lumbar spine motions. Tr. at 13. The record before the ALJ did not contain such an extensive and thorough medical opinion on Plaintiff's functional limitations. Dr. Weiss's opinions—particularly the opinion that Plaintiff can sit only three hours in an eight-hour workday—contradict the ALJ's RFC determination, including the restriction that allows Plaintiff to stand every thirty minutes for five minutes. Dr. Weiss's findings and opinions also provide support for the opinion of Plaintiff's treating providers that Plaintiff should avoid prolonged sitting and standing—an opinion the ALJ rejected. See Tr. at 42 (Decision); Tr. at 462, 467 (treating opinions).

In light of the above, Dr. Weiss's opinions are new, material, chronologically relevant, and they carry a reasonable probability of changing the administrative result. Plaintiff has also shown good cause for submitting the evidence to the Appeals Council as Dr. Weiss had not examined Plaintiff prior to the Decision. The Appeals Council thus erred in refusing to substantively consider Dr. Weiss's opinions, and remand is required. See Washington, 806 F.3d at 1320; 20 C.F.R. §§ 404.970(a)(5), 416.1470(a)(5). As the matter is due to be remanded for consideration of Dr. Weiss's opinion, the Administration shall also consider the other evidence submitted to the Appeals Council and the treatment notes from Dr. Weiss that Plaintiff submitted for the first time to this Court.

## V. Conclusion

In light of the foregoing, it is

**ORDERED**:

1. The Clerk of Court is directed to enter judgment pursuant to sentence four of 42 U.S.C. § 405(g), and pursuant to § 1383(c)(3), **REVERSING** the Commissioner's final decision and **REMANDING** this matter with the following instructions:

   (A) Consider the additional evidence submitted to the Appeals Council;

   (B) Consider the additional evidence submitted to this Court;

   (C) If appropriate, address the other issue raised by Plaintiff in this appeal; and

   (D) Take such other action as may be necessary to resolve these claims properly.

2. The Clerk is further directed to close the file.

3. In the event benefits are awarded on remand, Plaintiff's counsel shall ensure that any § 406(b) fee application be filed within the parameters set forth by the Order entered in Case No. 6:12-mc-124-Orl-22 (In Re: Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) and 1383(d)(2)).

**DONE AND ORDERED** in Jacksonville, Florida on September 25, 2020.

*James R. Klindt*
JAMES R. KLINDT
United States Magistrate Judge

bhc
Copies to:
Counsel of Record